IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD CAMPBELL, # 1122264, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1107-B |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of the Case:  Following his plea of not guilty, Petitioner was convicted of robbery in the 194th Judicial District Court of Dallas County, Texas, in cause number F01-75949-M. (Petition for Writ of Habeas Corpus (Pet.) at 2). Punishment was assessed at thirty-five years imprisonment. On December 17, 2003, the Court of Appeals for the Fifth District of

Texas at Dallas affirmed his conviction.  See Campbell v. State, No. 05-02-01700-CR (Tex. App., Dallas, Dec. 17, 2003, no pet.).

On February 3, 2004, Petitioner filed an application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure.  Ex parte Campbell, No. WR-61,011-01, at 2.  On April 27, 2005, the Texas Court of Criminal Appeals dismissed the state writ because Petitioner's direct appeal was pending as of its filing.  Id. at cover.

Thereafter, on May 27, 2005, Petitioner filed the instant federal petition for writ of habeas corpus.  (Pet. at 1).  In three grounds of error, he asserts counsel rendered ineffective assistance of counsel on direct appeal, his sentence was illegal, and the Court of Criminal Appeals should not have dismissed his state habeas application.[1]  (Memorandum in Support at 1-

In response to this court's show cause order, Respondent filed an answer, alleging the petition was unexhausted, time barred, and meritless.  Petitioner has not responded.[2]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the

---

[1] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), the federal petition is deemed filed as of May 25, 2005, the date on which Petitioner allegedly handed it to prison officials for mailing.  (Pet. at 9).

[2] Petitioner's unsubstantiated assertions that he did not receive a copy of Respondent's answer (see Pet's Second Advisory filed August 23, 2005, and Pet's Response filed September 6, 2005) are now moot.  On September 8, 2005, Respondent in an abundance of caution mailed to Petitioner a second copy of the answer.  See Respondent's Advisory to Court filed September 13, 2005.  Petitioner, however, has failed to file a response or request additional time within which to respond.  See Order filed on August 26, 2005.

judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

  Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

  Petitioner's conviction became final for purposes of the one-year period on January 16, 2004, thirty days after the Court of Appeals affirmed the judgment of conviction.  See TEX. R. APP. P. 68.2(a) (effective September 1, 1997).  Although a mandate was issued on March 8, 2004, that date does not control the limitation analysis in this case.  See Campbell v. State, http://www.courtstuff.com/FILES/05-02-05021700.HTM (docket sheet information generated June 10, 2005, hereinafter referred to as State Docket sheet) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas).  The Fifth Circuit Court of Appeals has held that

3

issuance of a mandate does not determine when a state conviction becomes final for purposes of the one-year limitation period. See Roberts v. Cockrell, 319 F.3d 690, 693-695 (5th Cir.2003). Petitioner's arguments to the contrary raised in his memorandum in support (see Memorandum at 3-10) are rejected.

The one-year period began to run on January 17, 2004, the day after his conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on January 16, 2005– four months and nine days before Petitioner filed the federal petition in this case. While 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of a properly filed state habeas application, Petitioner's state application was not "properly filed." Petitioner filed his state writ on February 3, 2004, thirty four days before the Court of Appeals issued a mandate in his direct appeal. The Fifth Circuit has held that an art. 11.07 application filed, as in this case, *before* the issuance of a mandate by the state court of appeals was *not* "properly filed" and, thus, could not toll the one-year limitation period. Larry v. Dretke, 361 F.3d 890, 893-95 (5th Cir. 2004), cert. denied, 125 S.Ct. 141 (2004). Therefore, Petitioner's federal petition is time barred absent equitable tolling.

Although Petitioner has not rebutted Respondent's contention that his petition is time barred, see note 2, *supra*, the court liberally construes his pleading to rely on equitable tolling. Generally, "when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding," the court "will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1)." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis v. Johnson, 158 F.3d 806,

4

810 (5th Cir. 1998). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." Coleman, 184 F.3d at 402. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Id. (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

This case does not present the type of extraordinary circumstances justifying equitable tolling. It is of concern to this court that the state habeas application proceeded in the normal course of business in both the convicting court and the court of criminal appeals, pending for a total of 449 days (three months beyond the one-year statute of limitations).[3] However, this is not a case in which the petitioner was unaware that the state application was premature or deficient in any ways. Compare Morrison v. Dretke, 2004 WL 2870060, No. 2:03-CV-0442 (N.D. Tex., Amarillo Div., Dec. 13, 2004) (holding petitioner was entitled to equitable tolling because he was not put on notice that his first state habeas application was deficient until it was returned by the county district clerk after the one-year statute of limitations had expired), with Cunningham v. Dretke, 2004 WL 2008496, No. 3:04-CV-0737-G (N.D. Tex., Dallas Div., Sep. 8, 2004), recommendation adopted, 2004 WL 2296717 (N.D. Tex. Oct. 12, 2004) (holding that petitioner was not entitled to equitable tolling because the State had specifically placed him on notice of the jurisdictional holding in Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000), and of the premature nature of his art. 11.07 application, which had been filed before a mandate had

---

[3] The trial court did not address the jurisdictional argument raised in the State's response and issued findings recommending denial on the merits, more than ten months after the filing of the state application. Four and one-half months later, the Court of Criminal Appeals dismissed the application on jurisdictional grounds.

5

issued in his direct appeal).

The record in this case, as in Cunningham, reflects that Petitioner was well aware of the jurisdictional defects in his state habeas application.  The State's response specifically put Petitioner on notice that the state application was premature because it was filed prior to issuance of a mandate by the court of appeals.  See Ex parte Campbell , WR-61,011-01, at 41.  Relying on Ex parte Johnson, the State's response correctly noted that the Court of Criminal Appeals lacked jurisdiction to consider a state habeas application until the judgment becomes final, namely when the mandate from the court of appeals issues.  Id.

Petitioner does not dispute that he was aware of the jurisdictional issue.  In his reply/advisory to the court, filed in the convicting court shortly after the State's response, he opposed the State's request to dismiss his state application on jurisdictional grounds.  Id. at 29-35.  He argued that the State had inadequately preserved the jurisdictional issue and, in any event, that the court should recharacterize his claims to correct the jurisdictional defect.  Id.

To the extent Petitioner argues that he could not have filed a federal petition as long as the state trial court held his application, his claim lacks any merit.  He cannot establish that the state habeas court misled him in any way or prevented him from asserting his rights.  As noted previously, the State's response specifically placed Petitioner on notice of the jurisdictional holding of Ex parte Johnson, and that his art. 11.07 application was premature because a mandate had not been issued in his direct appeal.  Armed with this specific notice Petitioner could have easily withdrawn his prematurely filed art. 11.07 application and submitted a "properly filed" state application, after the mandate was issued.  See Larry v. Dretke, 361 F.3d at 898 (noting that Larry could have withdrawn his improperly filed application and properly filed

6

a new one); Cunningham, 2004 WL 2008496, *3.[4]

Insofar as Petitioner claims that he was misled with respect to the finality of his conviction, his claim is likewise meritless.[5] On January 24, 2003, more than one year before the issuance of the mandate in Petitioner's direct appeal, the Fifth Circuit clarified that issuance of a mandate does not control when a conviction becomes final for purposes of the one-year limitation period. Roberts v. Cockrell, 319 F.3d 690, 693-95. Roberts determines finality of a conviction for purposes of the one-year statute of limitations, whereas Ex parte Johnson, 12 S.W.3d 472, 473, determines finality of a conviction for purposes of statutory tolling in connection with a "properly filed" state habeas application. Even assuming Petitioner was genuinely confused about the date on which his conviction became final for purposes of the one year period, the court notes that his federal petition – filed fourteen and one-half months after the issuance of the mandate – would still be untimely.

Therefore, the court concludes that Petitioner is not entitled to equitable tolling.

---

[4] Petitioner does not appear to argue that he was prevented from filing his federal petition because the state court held his art. 11.07 application beyond the one-year federal limitation period, despite its lack of jurisdiction. In any event, the Fifth Circuit in Larry v. Dretke, 361 F.3d 890, 897, rejected this argument holding that Larry's own action of filing his state habeas application before his judgment was final, rather than any action taken by the state court, prevented him from asserting his rights. Id.

[5] It appears that a copy of the mandate issued on March 8, 2004, was forwarded to Petitioner at the Allred Unit of TDCJ-CID. See notation on top left corner of mandate, Ex parte Campbell, No. WR-61011-01, at 86.

7

RECOMMENDATION:

For the foregoing reasons the Magistrate Judge recommends that the District Court dismiss with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner Harold Campbell, #1122264, TDCJ, Allred Unit, 2101 FM 369 North, Iowa Park, Texas 76367, and to counsel for Respondent.

Signed September 29, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.